1  CROWELL & MORING LLP
   Warrington Parker III (SBN 148003)
2  WParker@crowell.com
   3 Embarcadero Center, 26th Floor
3  San Francisco, CA 94111
   Telephone: (415) 986-2800
4  Facsimile: (415) 986-2827

5  CROWELL & MORING LLP
   Alexander Urbelis (pro hac vice pending)
6  AUrbelis@crowell.com
   Preetha Chakrabarti (pro hac vice pending)
7  PChakrabarti@crowell.com
   590 Madison Avenue, 20th Floor
8  New York, NY 10022
   Telephone: (212) 223-4000
9  Facsimile: (212) 223-4134

10 *Attorneys for Movant*
   *Shulim Leifer*
11

12                 **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14                   **SAN FRANCISCO DIVISION**

15

16
   SHULIM LEIFER                          Case No. 3:22-mc-80319
17
               Movant,                    **NOTICE OF MOTION AND MOTION
18                                         TO COMPEL TWITTER, INC. TO
          v.                               RESPOND TO SUBPOENA;
19                                         MEMORANDUM OF POINTS AND
   TWITTER, INC.,                          AUTHORITIES**
20
               Respondent.                (*Shulim Leifer v. John Does 1-9*, pending in
21                                         the United States District Court for the
                                           Eastern District of New York, Civil Action
22                                         No. 22-CV-1770-NM-SJB)

23                                         Date:      TBD
                                           Time:      TBD
24                                         Ctrm:      TBD
                                           Judge:     TBD
25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

**TABLE OF CONTENTS**

Page(s)

NOTICE OF MOTION AND MOTION TO COMPEL.............................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 2

INTRODUCTION ..................................................................................................................... 2

BACKGROUND & STATEMENT OF FACTS ........................................................................ 3

ARGUMENT ............................................................................................................................ 5

I.     THE EASTERN DISTRICT OF NEW YORK PROPERLY ISSUED A SUBPOENA HAVING CONSIDERED THE SECOND CIRCUIT'S STANDARD FOR UNMASKING ANONYMOUS DEFENDANTS AND THAT IS ENOUGH.......................................................................................... 5

II.    IF THIS COURT IS INCLINED TO REVISIT THE DECISION OF THE E.D.N.Y COURT, IT SHOULD ENFORCE THE SUBPOENA AS THE E.D.N.Y DECISION IS CORRECT ...................................................................... 7

    A.    The First Amendment Does Not Provide a Basis For Refusing to Enforce the Subpoena. ....................................................................... 7

    B.    The Arista Factors Justify Enforcement........................................................ 7

        1.    Leifer Established a Prima Facie Case for Defamation .................. 8

        2.    Leifer's Subpoena Seeks Information to Identify John Doe Defendants................................................................................... 10

        3.    Leifer has No Other Means to Obtain the Information Sought ............................................................................................. 11

        4.    Leifer Cannot Advance his Claim Without the Information Sought ............................................................................................. 11

        5.    Leifer's defamation claim outweighs the anonymous John Doe Defendants' expectation of privacy...................................... 11

III.    IN THE ALTERNATIVE, LEIFER'S COMPLAINT AND THE SUBPOENA SATISFY THE NINTH CIRCUIT'S REQUIREMENTS FOR LITIGANTS SEEKING TO UNMASK ANONYMOUS SPEAKERS ...... 12

    A.    Leifer Satisfies the Ninth Circuit's Highfields Test to Identify a Speaker ...................................................................................... 13

        1.    Leifer has Provided a Real Evidentiary Basis for the Defamation Per Se Claim under New York Law........................ 14

        2.    The Highfields' Balancing of Harms Would Weigh in Leifer's Favor................................................................................ 15

CONCLUSION.................................................................................................................. 165

CROWELL
& MORING LLP
ATTORNEYS AT LAW

i

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Anonymous Online Speakers*,
  661 F.3d 1168 (9th Cir. 2011).................................................................. 2, 7

*Arista Recs., LLC v. Doe 3*,
  604 F.3d 110 (2d Cir. 2010)....................................................................*passim*

*Art of Living Found. v. Does 1-10*,
  No. 10-CV-05022, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) ......................... 14

*Brikman et al v. Yehoshua*,
  No. 3:21-mc-80272-AGT (N.D. Cal. Nov. 18, 2021), ECF No. 1 .......................... 6

*Brown v. Dash*,
  No. 2:20-CV-10676, 2021 WL 4434978 (C.D. Cal. Jul. 27, 2021),
  *reconsideration denied*, No.2:20-CV-10676, 2021 WL 4899019 (C.D. Cal.
  Sept. 1, 2021) .................................................................................... 8

*Buckley v. Am. Const. L. Found., Inc.*,
  525 U.S. 182 (1999)............................................................................. 11

*Celle v. Filipino Rep. Enters. Inc.*,
  209 F.3d 163 (2d Cir. 2000)...................................................................... 9, 15

*Digital Sin. Inc. v. John Does 1–176*,
  279 F.R.D. 239 (S.D.N.Y. 2012) ............................................................... 5, 11

*Doe v. Cahill*,
  884 A.2d 451 (Del. 2005) ....................................................................... 14

*Eclipse Enters. v. Gulotta*,
  134 F.3d 63 (2d Cir. 1997)....................................................................... 2, 7

*Highfields Capital Mgmt., L.P. v. Doe*,
  385 F. Supp. 2d 969 (N.D. Cal. 2005) ................................................ 12, 13, 14, 15

*McIntyre v. Ohio Elections Comm'n*,
  514 U.S. 334 (1995)............................................................................. 7

*Mirza v. Doe #1*,
  No. 20-CIV-9877, 2021 WL 4596597 (S.D.N.Y. Oct. 6, 2021)....................................*passim*

*Nicolosi v. BRG Sports, Inc.*,
  No. 16-CV-2910, 2019 WL 8158470 (E.D.N.Y. Dec. 23, 2019) ............................. 6

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-ii-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

# TABLE OF AUTHORITIES
### (Continued …)

**Page(s)**

*In re Ramaekers*,
    33 F. Supp. 2d 312 (S.D.N.Y. 1999) ............................................................................ 8

*Rich v. Butowsky*,
    No. 20-mc-80081, 2020 WL 5910069 (N.D. Cal. Oct. 6, 2020) ................................. 6

*Smythe v. Does*,
    No. 15-MC-80292, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) ............................... 14

*Sony Music Ent. Inc. v. Does*
    1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004) ............................................................ 7

*Strike 3 Holdings, LLC v. Doe*,
    329 F.R.D. 518 (S.D.N.Y. 2019) ............................................................................... 5

*Taylor v. Doe*,
    No. 1:20-CV-03398, 2021 WL 2940919 (S.D.N.Y. July 12, 2021) ........................ 11

*Torati v. Hodak*,
    47 N.Y.S.3d 288 (1st Dep't 2017) ........................................................................ 9, 14

*United States v. Stevens*,
    559 U.S. 460 (2010) ............................................................................................. 7, 12

*USA Techs., Inc. v. Doe*,
    713 F. Supp. 2d 901 (N.D. Cal. 2010) .................................................................... 15

*Wirt v. Twitter, Inc.*,
    No. 21-mc-80166, 2021 WL 5919846 (N.D. Cal. Jul. 9, 2021) ............................... 6

**Statutes**

Computer Fraud and Abuse Act, 18 U.S.C. § 1030 .......................................................... 3

**Other Authorities**

Fed. R. Civ. P. Rule 26 ........................................................................................................ 1

Fed. R. Civ. P. 26(d)(1) ....................................................................................................... 5

Fed. R. Civ. P. 26(f) ............................................................................................................ 5

Fed. R. Civ. P. Rule 45 ............................................................................................... 1, 3, 8

Fed. R. Civ. P. 45(a)(2) ....................................................................................................... 5

Fed. R. Civ. P. 45(c)(2)(A) ................................................................................................. 6

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

# TABLE OF AUTHORITIES
## (Continued …)

**Page(s)**

Fed R. Civ. P. 45(d)(2)(B)(i) ................................................................................. 1

Fed. R. Civ. P. 45(d)(3) ........................................................................................ 4

Local Rule 7-2 ....................................................................................................... 1

Local Rule 37-1 ..................................................................................................... 1

Local Rules 37-2 ................................................................................................... 1

CROWELL
& MORING LLP
ATTORNEYS AT LAW

## NOTICE OF MOTION AND MOTION TO COMPEL
## TWITTER, INC. TO RESPOND TO SUBPOENA

PLEASE TAKE NOTICE that on a date and time to be set in a Courtroom and location to be assigned, Movant Shulim Leifer ("Leifer"), by and through counsel, will and hereby does move this Court for an order compelling Respondent Twitter, Inc. ("Twitter") to respond to Leifer's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena").  Movant is the Plaintiff in the case *Shulim Leifer v. John Does 1-9, Civil Action No. 22-CV-1770-NM-SJB*, pending in the United States District Court for the Eastern District of New York (the "E.D.N.Y. Action"), and Magistrate Judge Bulsara issued the Subpoena in the E.D.N.Y. Action pursuant to Fed. R. Civ. P. Rule 26 and 45.

The Court should grant Leifer's motion because Leifer has established defamation *per se* through the assertion of recognizable claims based on the actionable conduct of the anonymous, fictitiously-named Defendant John Does ("Doe Defendants") sufficient to permit him to obtain expedited discovery, requiring the unmasking of identities of Doe Defendants through his subpoena to Twitter.

This motion is brought pursuant to Federal Rule of Civil Procedure Rule 45(d)(2)(B)(i) and Local rules 7-2, 37-1, and 37-2, and it is supported by this notice of motion, motion to compel, accompanying memorandum of points and authorities, the Complaint in the E.D.N.Y. Action filed concurrently herewith, and such oral argument and other matters as the Court may permit at the time of the hearing.

Dated: November 21, 2022                    CROWELL & MORING LLP


By:  */s/ Warrington Parker, III*
        Warrington Parker, III
        *Attorneys for Movant*
        *Shulim Leifer*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Movant Shulim Leifer ("Leifer"), Plaintiff in the case *Shulim Leifer v. John Does 1-9, Civil Action No. 22-CV-1770-NM-SJB*, pending in the United States District Court for the Eastern District of New York (the E.D.N.Y. Action"), moves this Court to compel Respondent Twitter, Inc. ("Twitter") to respond to Leifer's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena").  Declaration of Warrington Parker ("Parker Declaration"), Exh. 1 (Subpoena).  Twitter's response to the Subpoena is necessary for Leifer to identify the Doe Defendants in the E.D.N.Y. Action, thus allowing Leifer to pursue his claim for defamation and other related claims.

Leifer moved for expedited discovery in the E.D.N.Y. Action, which Magistrate Judge Bulsara of the Eastern District of New York granted.  Pursuant to the Court's order in the E.D.N.Y. Action, Leifer served Twitter with the Subpoena seeking information necessary to identify the individual or individuals associated with nine Twitter handles responsible for the defamatory activities at issue in the E.D.N.Y. Action. [1]  Twitter refused to comply with the Subpoena.  Leifer now seeks to compel Twitter's response.  Leifer files this motion to compel in the Northern District of California because Twitter's corporate headquarters is within this district.

The First Amendment does not protect tortious, defamatory, or libelous speech, anonymous or otherwise.  *See Eclipse Enters. v. Gulotta*, 134 F.3d 63, 66 (2d Cir. 1997) ("'The Supreme Court historically has confined the categories of unprotected speech to defamation, fighting words, direct incitement of lawless action, and obscenity.'") (citing *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382-83 (1992)); *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) ("The right to speak, whether anonymously or otherwise, is not unlimited, however, and the degree of scrutiny varies depending on the circumstances and the type of speech at issue.").  Here, the anonymous speech at issue constitutes defamation *per se*, and the First

---

[1] Leifer seeks identifying information for the following nine Twitter handles: @erpsmosh; @KleinMatt1; @Ralphhoppy; @YankyStern4; @ConservativeYi1; @Frauholla3; @BaruchSilverst1; @yafered; @ShuIimLeifer (spelled with a capital "i" in place of the "L" in Shulim).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

1    Amendment free speech interests of the Doe Defendants do not outweigh Leifer's interests.

2    Therefore, the Court should compel Twitter to respond to Leifer's Subpoena and provide the

3    information that Judge Bulsara ordered Twitter to produce, information that is critical to the

4    E.D.N.Y. Action, and without which that action cannot proceed.

5          For all of these reasons, and for the reasons fully articulated below, this Court should

6    compel Twitter to respond to Leifer's Subpoena and provide identifying information from the

7    anonymous defamers.

8                           **BACKGROUND & STATEMENT OF FACTS**

9          On April 8, 2022, Leifer filed his Complaint in the United States District Court for the

10   Eastern District of New York.  Parker Decl., Exh. 2 (Complaint).  The Complaint alleges causes

11   of action against Doe Defendants, the account holders of nine Twitter handles, for defamation *per*

12   *se*, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and intentional infliction

13   of emotional distress.  *Id.*  The basis for Leifer's claims are several false and defamatory tweets –

14   including life-threatening tweets and false statements that allege Leifer engaged in sexual

15   misconduct – by the various Twitter handles and fraudulent and unauthorized access of Leifer's

16   social media accounts.  *Id.* ¶¶ 26-54.  On account of these falsities, Leifer, a community activist,

17   has been unable to secure employment, and he and his family, live in a state of distress within

18   their own Hasidic Orthodox Jewish community.  *Id.* ¶¶ 11-12, 55-60.

19         Leifer sought expedited discovery in the form of the Subpoena to be served on Twitter, to

20   obtain information sufficient to identify and then serve the Doe Defendants.  Leifer moved for

21   expedited discovery in the E.D.N.Y. Action on May 11, 2022, Parker Decl., Exh. 3 (Motion for

22   Expedited Discovery), and the Court granted the motion.  Parker Decl., Exh. 4 (Order Granting

23   Motion to Discover).  The Court concluded that good cause existed to allow for the expedited

24   discovery and granted Leifer's request to serve a subpoena on Twitter.  *See id.* at 1 ("**IT IS**

25   **ORDERED** that Leifer may serve a subpoena in compliance with Fed. R. Civ. P. 45 [] on Twitter

26   to obtain identifying information of the Doe Defendants associated with the accounts identified in

27   the Complaint[.]").  The Subpoena sought identifying information of the Doe Defendants

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

associated with the accounts in the Complaint.  On May 26, 2022, Leifer served the Subpoena on Twitter, at Twitter's New York office, located at 245 West 17th St, New York, NY 10011.

**Meet-and-Confer Requirements:** Pursuant to the Order on Expedited Discovery and concurrent Subpoena, Twitter's counsel, Norton Law Firm, PC, contacted Crowell & Moring, LLP to meet and confer concerning compliance with the Subpoena.  Counsel for Plaintiff and Twitter participated in three meet-and-confer conferences (June 13, June 24, and June 30) and filed two joint motions seeking an extension to Twitter's deadline to file any motion contesting the Subpoena.  Throughout the discussions, Leifer made it clear that he was willing to narrow the scope of the subpoena or accept fewer data points (*e.g.*, only IP addresses and dates) to avoid having to file a motion to compel Twitter's compliance.  Twitter refused all efforts to compromise and insisted Leifer file this motion to compel, as opposed to Twitter filing a motion to quash or modify the Subpoena before Judge Bulsara.  Declaration of Alexander Urbelis ("Urbelis Declaration") ¶ 2.

Twitter's deadline to contest the Subpoena was July 11, 2022.  Parker Decl., Exh. 5 (Order Granting Joint Motion for Extension).  Twitter failed to contest the Subpoena by that date and Twitter did not produce responsive information within 10 days as the Court required.  Parker Decl., Exh. 4; Fed. R. Civ. P. 45(d)(3).  However, Twitter's counsel sent a letter dated July 1, 2022 to Leifer, not filed in any court, which stated that "Twitter will not be producing documents responsive to the Subpoena," because Twitter disagreed with Judge Bulsara's findings.  Parker Decl., Exh. 6 (Letter from Twitter's Counsel).[2]  Substituting its own judgment and second-guessing the Court, Twitter argued that Judge Bulsara was wrong about "at least three" of the *Arista* factors he considered when ordering expedited discovery in this matter.  Parker Decl., Exh. 6.

---

[2] In sum, the argument presented in Twitter's letter are as follows: (i) Twitter asserts that the Eastern District of New York lacks personal jurisdiction over Twitter; (ii) Twitter believes this Court does not have jurisdiction to decide a motion to quash the Subpoena, a motion to modify the Subpoena, or a motion to compel compliance with the Subpoena because subpoena-related motions must be heard by the court where compliance is required; and (iii) even though this Court considered the *Arista* factors when ordering expedited discovery, Twitter maintains that this Court also should have conducted further legal analysis necessary to unmask anonymous defendants.  Parker Decl., Exh. 4.

1

**ARGUMENT**

2

**I.      THE EASTERN DISTRICT OF NEW YORK PROPERLY ISSUED A SUBPOENA HAVING CONSIDERED THE SECOND CIRCUIT'S STANDARD FOR UNMASKING ANONYMOUS DEFENDANTS AND THAT IS ENOUGH**

3

4

The Court in the E.D.N.Y. Action properly issued an order granting the discovery sought.

5

That order is and was correct.[3]  Contrary to Twitter's position, the Court did appropriately

6

consider the factors necessary when determining whether to allow a subpoena of the type issued

7

by Leifer.  *See* Parker Decl., Exh. 3 at 2; Parker Decl., Exh. 4 at 1-2.[4]

8

That should have ended the matter.  Leifer served the Order, which stated "Leifer may

9

serve a subpoena . . . on Twitter to obtain identifying information[.][5]  And the Federal Rules

10

provide that "[a] subpoena must issue from the court where the action is pending," and that "[a]

11

subpoena may be served at any place within the United States."  Fed. R. Civ. P. 45(a)(2); *id.*

12

45(b)(2).  Based on these rules, federal courts are understood to have nationwide subpoena power.

13

From the outset, however, Twitter expressed its intention to refuse to comply with the

14

Subpoena despite Leifer's agreement to two extensions of time for Twitter's response and

15

engaging in three separate meet and confer attempts on June 13, June 24, and June 30, 2022.

16

During each of those meet and confer conferences, Leifer offered to compromise by narrowing

17

the Subpoena to avoid having to file this motion.  Moreover, Twitter failed to contest, quash, or

18

modify the Subpoena by the July 11 deadline, electing instead to shift the burden of litigating this

19

motion to Leifer.

20

21

22

[3] The Court in the E.D.N.Y. action granted an order allowing the discovery sought prior to the Rule 26(f) conference.  Parker Decl., Exh. 3 at 2.  The Federal Rules provide for this relief.  Fed. R. Civ. P. 26(d)(1); *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019); *Digital Sin. Inc. v. John Does 1–176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012).  Twitter has not to date argued otherwise.  It also has not argued that granting this relief was inappropriate.

23

24

[4] *See Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (setting forth the standards "for determining whether a motion to quash, to preserve the objecting party's anonymity, should be granted" which are: (1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim, and (5) the party's expectation of privacy).

25

26

27

[5] On May 26, 2022, Leifer served the Subpoena, attaching Judge Bulsara's order as required, on Twitter, at Twitter's New York office, located at 245 West 17th St, New York, NY 10011. Parker Decl., Exh. 7 (Affidavit of Service).

28

Twitter's refusal to comply with court ordered discovery is not novel behavior.  A survey of recent cases in the Northern District of California highlights how often Twitter refuses to comply with a subpoena issued by an out-of-state district court, only to challenge them in the Northern District of California.  Consuming the resources of this Court, Twitter's tactics run contrary to the notion of judicial economy and also create an access to justice problem by driving up the legal costs, which makes meaningful relief economically infeasible for many injured parties.  *See Rich v. Butowsky*, No. 20-mc-80081, 2020 WL 5910069 (N.D. Cal. Oct. 6, 2020) (Twitter unsuccessfully moving to quash a subpoena ordering the unmasking of anonymous Twitter users issued in the District Court for the District of Columbia); Mot. to Quash, *Brikman et al v. Yehoshua*, No. 3:21-mc-80272-AGT (N.D. Cal. Nov. 18, 2021), ECF No. 1 (Twitter moving to quash a subpoena ordering the unmasking of anonymous Twitter users issued by the District Court for the Eastern District of New York); *Wirt v. Twitter, Inc.*, No. 21-mc-80166, 2021 WL 5919846 (N.D. Cal. Jul. 9, 2021) (Twitter unsuccessfully moving to quash subpoena ordering the unmasking of anonymous Twitter user issued in District Court of Utah).  Squandering the parties' and the courts' resources for its own ends, serves Twitter's goal of promoting an absolutist version of free speech not aligned with the First Amendment, which decreases accountability for illegal acts on Twitter's platform and prevents injured parties from viewing the judicial system as an avenue for meaningful relief.  Because of Twitter's tactics, Leifer must now move to compel before this Court.  *See Nicolosi v. BRG Sports, Inc.*, No. 16-CV-2910, 2019 WL 8158470, *2 (E.D.N.Y. Dec. 23, 2019) (finding a motion to compel a subpoena would properly be before the court where a corporation maintains its principal place of business); Fed. R. Civ. P. 45(c)(2)(A).

Leifer has taken all steps necessary to seek discovery to effectuate service upon the John Doe Defendants engaged in defamatory speech and served a court-authorized subpoena upon the *only* company able to help Leifer seek a civil remedy.  Twitter's objections to this Subpoena are unpersuasive and this Court should give full force and effect to Judge Bulsara's Order.

/ / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

**II.     IF THIS COURT IS INCLINED TO REVISIT THE DECISION OF THE E.D.N.Y COURT, IT SHOULD ENFORCE THE SUBPOENA AS THE E.D.N.Y DECISION IS CORRECT**

**A.     The First Amendment Does Not Provide a Basis For Refusing to Enforce the Subpoena.**

The right to anonymity is not absolute.  *See United States v. Stevens*, 559 U.S. 460, 468-69 (2010) (finding the First Amendment has historically allowed the "prevention and punishment" of "narrowly limited[,]" "historic and traditional categories" of speech, including obscenity, defamation, fraud, incitement, and speech integral to criminal conduct) (internal citations omitted); *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) ("The right to speak whether anonymously or otherwise, is not unlimited . . . ."); *Sony Music Ent. Inc. v. Does* 1-40, 326 F. Supp. 2d 556, 562 (S.D.N.Y. 2004) ("Anonymous Speech, like speech from identifiable sources, does not have absolute protection.").  Although the First Amendment protects the right to anonymous speech, *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995), the right specifically does not extend to defamatory speech.  *See Eclipse Enters. v. Gulotta*, 134 F.3d 63, 66 (2d Cir. 1997) ("'The Supreme Court historically has confined the categories of unprotected speech to defamation, fighting words, direct incitement of lawless action, and obscenity.'") (citing *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382-83 (1992)); *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) ("The right to speak, whether anonymously or otherwise, is not unlimited, however, and the degree of scrutiny varies depending on the circumstances and the type of speech at issue.").

Given that defamatory speech is well outside the parameters of First Amendment protection whether a defendant performs an act of defamation anonymously or not is of no moment.  These longstanding principals have direct application where, as here, Leifer filed an action against nine John Doe Twitter users, who falsely accused Leifer of workplace sexual misconduct.  Parker Decl., Exh. 2 ¶¶ 27-49.

**B.     The Arista Factors Justify Enforcement.**

Leifer is a resident of New York, the injury of the allegations occurred in New York, and Leifer brought this case before a federal district court in New York.  Although Leifer does not

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

know the locations of the John Doe Defendants, the situs of this matter is New York.  Judge Bulsara thus properly considered the *Arista* factors to determine whether to allow a party to issue a subpoena under Rule 45 to unmask anonymous defendants.  The question of whether unmasking the identified individuals is appropriate has already been asked and answered in the E.D.N.Y. Action.  Parker Decl., Exh. 3, Exh. 4.

When considering a motion to compel brought in a district other than where the action was filed, courts apply the law of the circuit in which the subpoena was issued.  *See In re Ramaekers,* 33 F. Supp. 2d 312, 316 (S.D.N.Y. 1999) ("[C]ourts have uniformly applied the law of the circuit in which the subpoena issued.") (collecting cases).  Courts in the Ninth Circuit have agreed that "[i]n disputes challenging the issuance of a subpoena, federal courts have typically applied the law of the state where the subpoena was issued." *Brown v. Dash*, No. 2:20-CV-10676, 2021 WL 4434978, *2 (C.D. Cal. Jul. 27, 2021), *reconsideration denied*, No.2:20-CV-10676, 2021 WL 4899019 (C.D. Cal. Sept. 1, 2021) (finding California state law should be applied to determine the existence of a privacy interest in the requested document because the underlying subpoena was issued by the Central District of California).  Therefore, the *Arista* factors that Judge Bulsara considered was the appropriate test to consider when ordering expedited discovery, especially an expedited discovery request involving the unmasking of anonymous individuals.

Twitter's refusal to compromise with Leifer's counsel or even engage with the Eastern District of New York has unduly and materially increased the resources all interested parties have had to invest in this matter, including the duplicative analysis of the *Arista* factors – set forth below – that Judge Bulsara has already considered.

### 1.    Leifer Established a Prima Facie Case for Defamation.

The first *Arista* factor requires a "concrete[] showing of a prima facie claim" of defamation sufficient to provide good cause to allow expedited discovery.  *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).  Not only has Leifer sufficiently pleaded defamation *per se*, Parker Decl., Exh. 2, he has provided specific evidence moving the allegations beyond the realm of conclusory speculation and to a prima facie showing of the claims.  In New York, the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

1   elements of defamation are: "1) a false and defamatory statement of and concerning the plaintiff;

2   2) publication by defendant of such a statement to a third party; 3) fault on part of the defendant;

3   and 4) injury to plaintiff." *Mirza v. Doe #1*, No. 20-CIV-9877, 2021 WL 4596597, *6 (S.D.N.Y.

4   Oct. 6, 2021) (*citing Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000), *aff'd*, 29 F.

5   App'x 676 (2d Cir. 2002)).  Leifer alleges defamation based on tweets that made specific

6   defamatory accusations that he engaged in sexual workplace harassment of females.  Parker

7   Decl., Exh. 2 ¶¶ 27-49.  Further, "a defamatory statement [is] one that exposes an individual 'to

8   public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism,

9   degradation, or disgrace[.]'"  *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000)

10   (*citing Kimmerle v. New York Evening Journal,* 186 N.E. 217, 218 (1933).  Leifer has

11   experienced the ramifications of the defamatory tweets, which has included public ridicule,

12   community ostracism, and fear for his family's safety.  Parker Decl., Exh. 2 ¶¶ 55-60.

13       Leifer pleaded that the Defendants' various tweets are *factually* false and defamatory, thus

14   meeting the first element for a defamation claim.  *See Celle* at 178 ("If the [defamatory] statement

15   reasonably would be understood as implying undisclosed facts this it is not protected opinion.")

16   (internal citations omitted).  Leifer set forth specific examples of the John Doe Defendants' false

17   and defamatory tweets.  Parker Decl., Exh. 2 ¶¶ 27-49.  One tweet stated "Or else ull look like

18   shulim liefer u c he was fired from a job for harrasing a woman.  Y ?  Cuz in his desperation to

19   look with it and cool he thought u have to harrass woman[.]"  *Id.* ¶ 30 (errors in original).  These

20   are not statements that can be described as "loose, figurative or hyperbolic" nor do they "suggest

21   to a reasonable reader that the author was merely expressing his opinion." *Torati v. Hodak*, 47

22   N.Y.S.3d 288, 290 (1st Dep't 2017).  Further, each of the tweets provided were published

23   publicly via Twitter by the nine accounts specified in the complaint, thus meeting the second and

24   third elements of defamation in New York.  Parker Decl., Exh. 2 at 19-48 (attaching the fifteen

25   tweets referenced in the Complaint).  A cursory review of the Complaint and its attachments

26   reveals that Leifer made a prima face of defamation as to all of the John Doe defendants.

27       With regard to the fourth element of defamation, injury to the plaintiff, "[t]he gravam[e]n

28   of an action alleging defamation is an injury to reputation."  *Celle* at 177.  Leifer set forth the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

ramifications of these tweets in his Complaint, including his loss of employment and his inability to secure new employment within his community.  Parker Decl., Exh. 2, ¶¶ 55–60.  In addition, both statements charging a person with a serious crime and statements that injure another in their trade, business, or profession are considered defamation *per se*.  In the case of defamation *per se*, injury is assumed.  *Mirza v. Doe #1*, No. 20-CIV-9877, 2021 WL 4596597, *7 (S.D.N.Y. Oct. 6, 2021).  Leifer has pleaded defamation *per se*, regardless Leifer provided sufficient information and detail to make a prima facie claim regarding the element of injury.  Parker Decl., Exh. 2 ¶¶ 55-60.

### 2.      Leifer's Subpoena Seeks Information to Identify John Doe Defendants.

The second *Arista* factor requires "specificity of the discovery request."  *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).  In other words, the moving party must narrowly tailor its request for information.  Leifer's requests were so tailored and the subpoena that Judge Bulsara authorized sought the following:

> • the full first and last name associated with the handle/account;
>
> • Internet Protocol addresses ("IP addresses") associated with the handle/account;
>
> • all physical addresses, if any, associated with the handle/account; and
>
> • all telephone numbers and/or email addresses, or other identifying contact information material to contacting the handle/account owner, if any, associated with the handle/ account.

Parker Decl., Exh. 1.  Leifer only seeks information necessary to identify the defendants responsible for publishing defamatory tweets and/or violating the Computer Fraud and Abuse Act.  Leifer is not seeking access to the content of any of the defendants' communications, and the information sought may not even identify the defendants by name.  This is because in many instances Twitter users supply false account information to Twitter.  For this reason, Leifer advised Judge Bulsara that a second subpoena to an Internet Service Provider may be required to connect an identity with the owner of the IP address used to make a defamatory tweet.  Parker Decl., Exh. 3 at 1.  As reflected in Judge Bulsara's Order authorizing the Subpoena, Leifer has

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

1    limited this expedited discovery request to the minimum amount of information necessary to

2    identify and serve the defendants in the E.D.N.Y. Action.

3         **3.    Leifer has No Other Means to Obtain the Information Sought.**

4         The third *Arista* factor requires "the absence of alternative means to obtain information."

5    *Arista* at 119.  Twitter is the only entity with the ability to provide data that can assist Leifer with

6    the identification of the defendant(s).  This is because there is no other entity aside from Twitter

7    that has access to the account information and log files that contain the IP addresses and other

8    metadata associated with the tweets at issue in this matter.  Indeed, Twitter's privacy policy

9    prescribes a limited number of circumstances under which Twitter will share and/or disclose user

10   account data, one of which is to respond to legal process.[6]  Given Twitter's unwillingness to

11   comply with the Subpoena or work amicably with Leifer, unfortunately, other than this motion,

12   no other avenue exists to obtain the expedited discovery that Judge Bulsara ordered.

13        **4.    Leifer Cannot Advance his Claim Without the Information Sought.**

14        The fourth *Arista* factor requires "a central need for the information to advance the claim."

15   *Arista* at 119.  Pre-conference discovery is preferred where, as here, "without granting

16   [p]laintiff's request, the defendants cannot be identified or served and the litigation cannot

17   proceed."  *Digital Sin. Inc. v. John Does 1–176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012).

18   Expedited discovery and the Subpoena to unmask the anonymous defamers is the only procedure

19   for Leifer to seek legal recourse.  "To recover for any damages, Plaintiffs must know who the

20   Defendants actually are and serve process."  *Mirza v. Doe #1*, No. 20-CIV-9877, 2021 WL

21   4596597, *8 (S.D.N.Y. Oct. 6, 2021).  There is no alternative.

22        **5.    Leifer's defamation claim outweighs the anonymous John Doe
          Defendants' expectation of privacy.**
23

24        The fifth *Arista* factor balances "the parties' expectation of privacy," weighing, on the one

25   hand, a plaintiff's interest in justice and fair application of the law and, on the other hand, a

26   defendant's interest in remaining anonymous.  *Arista* at 119; *Taylor v. Doe*, No. 1:20-CV-03398,

27   2021 WL 2940919, *5 (S.D.N.Y. July 12, 2021).  The Supreme Court has recognized the First

28

---

[6] See *Privacy Policy*, Twitter at Sec. 3.3 (Aug. 19, 2021), https://twitter.com/en/privacy.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

Amendment right to anonymous speech, including speech on the Internet. *Buckley v. Am. Const. L. Found., Inc.*, 525 U.S. 182, (1999).  But the First Amendment interest in anonymous speech does not protect those who engage in defamatory speech. *United States v. Stevens*, 559 U.S. 460, 468-69 (2010).  Putting aside that those who engage in defamatory speech do not enjoy an expectation of privacy, Leifer's need to identify Defendant(s) to assert his defamation claim far outweighs the Defendants' interest in remaining hidden.  Specifically, the prejudice to Leifer by foreclosing his opportunity to seek recourse to rehabilitate his reputation in the Hasidic community and his potential to find future employment within his chosen field of work far outweighs any hypothetical privacy interest of the Defendants.

Indeed, Twitter's very own privacy policy contemplates having to respond to legal process such as the Subpoena. *Privacy Policy*, Twitter at Sec. 3.3.  This policy thus undercuts any countervailing notion of privacy in this context because Defendants were on notice that Twitter may respond to legal process with their account details or activities. *See Mirza* at *9 (finding Yelp's privacy policy put "Defendants [] on constructive notice that anyone who uses Yelp may be sued for leaving insulting reviews.").  As in *Mirza*, where the Court found that users of Yelp "have implicitly agreed to release of their personal data if required by court order," the same can be said about users of Twitter. *Id.*  The very nature of social media usage in the twenty-first century limits expectations of privacy, and those who engage in defamation should not expect to shield themselves from legal recourse by choosing to defame anonymously.

For the foregoing reasons, Judge Bulsara properly considered the *Arista* factors to determine whether it was appropriate to unmask the anonymous John Doe Defendants in Leifer's motion for expedited discovery.

## III. IN THE ALTERNATIVE, LEIFER'S COMPLAINT AND THE SUBPOENA SATISFY THE NINTH CIRCUIT'S REQUIREMENTS FOR LITIGANTS SEEKING TO UNMASK ANONYMOUS SPEAKERS

Should this Court wish to further consider the Ninth Circuit's unmasking standard, Leifer still satisfies the requirements found in *Highfields*.  Therefore, regardless of jurisdiction or test, this Court should compel Twitter to respond to Leifer's properly issued subpoena.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

1    Courts nationwide have adopted varying standards for interpreting whether anonymous

2    individuals may be "unmasked" when confronted with efforts to pierce anonymity through

3    discovery devices utilized by those seeking civil remedies based on the actions of anonymous

4    individuals.  Consistent with *Arista*, other courts have made efforts to balance the interests of the

5    anonymous speaker against a plaintiff's need for subpoenaed information to be able to seek civil

6    remedies.  Courts are indeed right to be concerned about a chilling effect on anonymous speech

7    based on frivolous allegations pursued solely for the purpose of discovering an anonymous

8    speaker's identity.  Leifer's claims, however, are no such case.  Leifer has made clear and direct

9    allegations of defamation and desperately seeks to rehabilitate his reputation and find

10   employment.  Parker Decl., Exh. 2 ¶¶ 55-60.  The Subpoena meets the applicable standards for

11   determining when an anonymous speaker's identifying information may be disclosed based on

12   the allegations and evidence presented.

13       **A.       Leifer Satisfies the Ninth Circuit's Highfields Test to Identify a Speaker.**

14       In 2011, the Ninth Circuit adopted a two-part test for allowing the disclosure of an

15   anonymous speaker's identifying information in *Highfields Capital Mgmt., L.P. v. Doe*, 385 F.

16   Supp. 2d 969, 975-76 (N.D. Cal. 2005).  Under *Highfields*, a court requires: (1) the plaintiff to

17   provide evidence addressing all necessary elements to support a prima facie case of the claims;

18   and (2) the court will then "assess and compare the magnitude of the harms that would be caused

19   to the competing interests by a ruling in favor of plaintiff and by a ruling in favor of defendant.

20   *Id.*

21       The *Highfields* two-factor test is similar to the *Arista* five-factor test.  *Highfields*' first

22   requirement – that a plaintiff address all elements for a prima facie showing – is consistent with

23   *Arista*'s first requirement that Leifer make a concrete prima facie showing of the claims.  Further,

24   *Highfields*' second factor, to consider the "magnitude of harms" based off of "competing

25   interests," is consistent with *Arista*'s final factor that seeks to balance expectations of privacy.

26   The two tests are similar and lead to the same outcome.  Although Leifer asserts that the *Arista*

27   test is the more appropriate test, given the situs of the case, the outcome would remain consistent

28   under the *Highfields* test.

Crowell
& Moring LLP
Attorneys at Law

-13-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

The *Highfields* test is of "medium rigor" and applies where the challenged speech is "beneath the most protected realm of 'political, religious, or literary' discourse" and is often applied to "'commercial speech' that enjoys 'lesser' protection[.]'" *Smythe v. Does*, No. 15-MC-80292, 2016 WL 54125, *2 (N.D. Cal. Jan. 5, 2016) (*citing Anonymous Online Speakers*, 661 F.3d 1168, 1173, 1175-76 (9th Cir. 2011)); *Art of Living Found. v. Does 1-10*, No. 10-CV-05022, 2011 WL 5444622, *5 (N.D. Cal. Nov. 9, 2011).  Here, the speech in question is neither within the protected realm of political, religious, or literary discourse nor is the speech commercial.  The *Highfields* standard is "[m]ore demanding than the good faith or motion to dismiss standard" used by some courts, but "less demanding than the most exacting test enunciated in *Doe v. Cahill*, 884 A.2d 451 (Del. 2005), which requires a plaintiff to submit sufficient evidence of each element of its claim to survive a hypothetical motion for summary judgment[.]"  *Smythe* at *2 (internal citations omitted).  Although a lesser standard than *Cahill*, the rigor of the *Highfields* test remains arguably inappropriate, considering the speech in the identified tweets is on its face defamatory and should not enjoy the "lesser protection" contemplated by *Highfields*.

### 1.    Leifer has Provided a Real Evidentiary Basis for the Defamation Per Se Claim under New York Law.

As noted above, Leifer has done more than plead and pray, offering real and substantial evidence supporting his prima facie case of defamation.  Defamation, under New York law, requires (1) a false, defamatory statement, (2) publication to a third party, (3) fault, (4) and injury (unless the claim is for defamation *per se*).  *Mirza v. Doe #1*, No. 20-CIV-9877, 2021 WL 4596597, *6 (S.D.N.Y. Oct. 6, 2021).  Leifer alleges defamation *per se* based on various tweets that made specific defamatory accusations that he engaged in sexual workplace harassment of females.  Leifer pleaded the statements contained in fifteen tweets by nine anonymous Twitter accounts "include intentional false allegations asserted specifically to malign Leifer's character[.]"  Parker Decl., Exh. 2 ¶ 26.  Leifer set out specific facts outlining the falsity, defamatory nature, publication to Twitter, fault, and harm.  *See supra* Section I.C.1 (discussing Leifer's prima facie case for defamation *per se* articulated in Parker Decl., Exh. 2 ¶¶ 27-49).  Defendants' tweets are *factually* false and defamatory, and sought to malign Leifer's character

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

NTC OF MTN AND MTN TO COMPEL,
TWITTER TO RESPOND TO SUBPOENA; MPA
CASE NO. 3:22-MC-80319

1    because he is an activist within the Hasidic community.  Alleging Leifer committed acts of

2    workplace harassment against female peers is not a mere expression of opinion.  *Torati v. Hodak*,

3    47 N.Y.S.3d 288, 290 (1st Dep't 2017).  Leifer has adduced sufficient information and detail to

4    provide a real evidentiary basis for the first three elements of defamation, and the fourth element,

5    injury, is not required in a defamation *per se* case.  *See also* Parker Decl., Exh. 2 ¶¶ 55–60.

6    (discussing the injury Leifer has suffered as a result of these tweets).  In summation, Leifer has

7    provided a real evidentiary basis for his claim of defamation *per se* under New York law.

8                    **2.       The Highfields' Balancing of Harms Would Weigh in Leifer's Favor.**

9            Because Leifer has made the requisite "real evidentiary basis" showing for his claim of

10   defamation, the court must assess the "harms and competing interests" of each party.  *Highfields*

11   *Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 976 (N.D. Cal. 2005).  Leifer acknowledges

12   there are privacy interests at play for anonymous speech, but submits that his own interests in

13   being free from defamation and false accusations of sexual misconduct far outweigh the limited

14   privacy interest of anonymous Twitter users to spew abject falsehoods – users that are in fact on

15   notice that their information can be obtained through this very form of legal process.  That the

16   balance of harms falls in favor of Leifer is even more clear when considering that the First

17   Amendment does not protect tortious, defamatory, or libelous speech, anonymous or otherwise.

18   *USA Techs., Inc. v. Doe*, 713 F. Supp. 2d 901, 906 (N.D. Cal. 2010).

19          With regard to harm, the "gravam[e]n of an action alleging defamation is an injury to

20   reputation."  *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000).  Leifer has

21   detailed the harm he has suffered and continues to face within his community.  Setting forth the

22   ramifications of these tweets in the Complaint, Leifer highlighted his loss of employability and

23   inability to secure new employment within his Hasidic community.  Parker Decl., Exh. 2 ¶¶

24   55-60.  Leifer's reputation and livelihood have been directly impacted by the defamatory Tweets.

25          Leifer's interests in judicial recourse and resolving the false accusations of sexual

26   misconduct far outweigh the limited privacy interest of the anonymous Twitter users engaged in

27   defamation.  The First Amendment does not protect the anonymous and defamatory tweets at

28   issue in this case, and Twitter should be ordered to comply with Judge Bulsara's order.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-15-

**CONCLUSION**

Based on the foregoing, as Judge Bulsara found, Movant Shulim Leifer has already satisfied the unmasking standard outlined in *Arista* and, we believe, the similar unmasking standard outlined in *Highfields* followed in the Ninth Circuit.  Leifer has provided a real evidentiary basis to establish the prima facie claim of defamation *per se*.  Further, the harm to Leifer and his right to seek legal recourse outweighs the defendants' privacy interests.  For the reasons above, Leifer respectfully requests that this Court compel Twitter to respond to the Subpoena and order that Twitter produce the requested information.

Dated: November 21, 2022                         CROWELL & MORING LLP


By:  */s/ Warrington Parker, III*
Warrington Parker, III
*Attorneys for Movant*
*Shulim Leifer*