UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TWITTER INC., | Case No. 22-mc-80319-SK<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING** |

This dispute arises out of a lawsuit pending in the United States District Court for the Eastern District of New York: *Shulim Leifer v. John Does 1-9,* Civil Action No. 22-CV-1770-NM-SJB ("Underlying Lawsuit"). A subpoena was issued in the Underlying Lawsuit pursuant to Federal Rule of Civil Procedure 45 seeking the identity of the Doe Defendants from Twitter, Inc. Petitioner Shulim Leifer seeks to compel Twitter's response to the subpoena and Twitter opposes the motion.

Twitter argues that the test articulated in *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 974 (N.D. Cal. 2005) applies here. Under the *Highfields* standard, the moving party "must adduce *competent evidence* – and the evidence [the moving party] adduces must address *all* of the inferences of fact that [it] would need to prove in order to prevail under at least one of the causes of action [it] asserts." 385 F. Supp. 2d at 975-76 (emphasis in original) (noting that "[t]he court may not enforce the subpoena if ... any *essential* fact or finding lacks the requisite evidentiary support."). Here, Petitioner did not file any declaration from him attesting to the facts in his complaint, including the veracity of the exhibits attached to his complaint. The Court is providing Petitioner with an opportunity to provide evidence of his claim of defamation.

/ / /

/ / /

Petitioner shall provide such evidence by no later than January 27, 2023. Twitter may file a response within one week after Plaintiff files such supporting evidence.

**IT IS SO ORDERED**.

Dated: January 12, 2023

_____
SALLIE KIM
United States Magistrate Judge