1  FRED NORTON (CA SBN 224725)
   fnorton@nortonlaw.com
2  GIL WALTON (CA SBN 324133)
   gwalton@nortonlaw.com
3  THE NORTON LAW FIRM PC
4  299 Third Street, Suite 200
   Oakland, CA 94607
5  Telephone: (510) 906-4900

6  Attorneys for Respondent
7  TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHULIM LEIFER,<br><br>　　　　　Movant,<br><br>　　v.<br><br>TWITTER, INC.,<br><br>　　　　　Respondent. | Case No. 3:22-MC-80319-SK<br><br>**RESPONDENT TWITTER, INC.'S SUPPLEMENTAL RESPONSE TO MOVANT SHULIM LEIFER'S DECLARATION IN SUPPORT OF MOTION TO COMPEL** |

## I. INTRODUCTION

In his reply brief in support of his motion to compel Twitter, Inc., to comply with a subpoena seeking the identities of anonymous Twitter users, Movant Shulim Leifer conceded that it would be "[n]ear[ly ]impossible" for him to adduce competent evidence to support each element of his defamation claim without the aid of discovery. Dkt. 20, Leifer Reply in Support of Motion to Compel ("Reply") at 13. Yet that is precisely what is required here: "In *Highfields Capital Mgmt. v. Doe*,[] this Court adopted a streamlined version of the *Dendrite* test that requires: (1) the plaintiff to adduce, *without the aid of discovery*, *competent evidence* addressing all of the inferences of fact essential to support a prima facie case on all elements of a claim." *USA Techs., Inc. v. Doe*, 713 F. Supp. 2d 901, 907 (N.D. Cal. 2010) (first emphasis added, second emphasis in original) (citing *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005)). Indeed, in its Order giving Leifer another chance to provide evidence of his claim for defamation, this Court confirmed that, if *Highfields* applies, Leifer "must adduce *competent evidence* – and the evidence [the moving party] adduces must address *all* of the inferences of fact that [it] would need to prove in order to prevail under at least one of the causes of action [it] asserts." Dkt. 21, Order Requiring Supplemental Briefing ("Order") at 1 (N.D. Cal. Jan. 12, 2023) (citing *Highfields*, 385 F. Supp. 2d at 975-76 (emphasis in original)).

Leifer has not met this exacting standard. Leifer has not provided competent evidence of—or even adequately pled—falsity or actual malice for his defamation claim, and so Twitter does not believe he has satisfied the First Amendment's requirements for unmasking anonymous speakers. Again, Twitter's goal is to ensure that Leifer's subpoena is not used to chill anonymous speech protected by the First Amendment. Twitter thus asks that Leifer's motion to compel compliance with the subpoena be denied unless the Court first finds that Leifer has satisfied the *Highfields* test for unmasking anonymous speakers.

## II. ARGUMENT

Following the submission of Leifer's reply brief in support of his motion to compel, this Court generously gave Leifer a second chance to submit "competent evidence" supporting his claim of defamation under New York law—something he previously failed to do. Order at 1-2 ("Here, Petitioner did not file any declaration from him attesting to the facts in his complaint, including the veracity of the

1

exhibits attached to his complaint."). But Leifer's supplemental declaration and his accompanying exhibits do little more than dress up the conclusory allegations of the Complaint as evidence. Dkt. 22, Leifer Declaration in Support of Motion to Compel ("Leifer Decl."); Dkt. 22-1, Exhibit A; Dkt. 22-2, Exhibit B. Because (1) Leifer's supplemental filings do not include competent evidence of falsity or actual malice sufficient to satisfy the *Highfields* unmasking test, and (2) Leifer's purported "evidence" is general and does not address falsity or actual malice for each anonymous defendant individually, his motion to compel compliance with the subpoena must be denied.

### A. Leifer has not provided competent evidence of falsity.

"'Substantial truth' is the standard by which New York law, and the law of most other jurisdictions, determines an allegedly defamatory statement to be true or false." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 242 (2d Cir. 2017). And under New York law, "the burden is on the plaintiff to show that the statements are false." *Neuman v. Glob. Sec. Sols., Inc.*, 2022 WL 1782588, at *3 (S.D.N.Y. June 1, 2022) (citation omitted). Leifer has not met that burden.

Leifer's defamation claim generally rests on the premise that the anonymous defendants have falsely accused him of being fired from previous jobs due to of complaints sexual harassment. *See* Dkt. 1-1, Parker Declaration, Ex. 2 Complaint ("Compl."); Leifer Decl. ¶ 33. Leifer's supplemental declaration, however, now concedes that he was fired from two care facilities—Park Avenue Home Care and Nursing Home Personnel Care, Leifer Decl. ¶ 11—in apparent contradiction to the allegations of the Complaint and statements in Leifer's reply brief. *Compare* Compl. ¶ 28 ("But in fact, Leifer had not been fired from his job . . . "), *with* Leifer Decl. ¶¶ 10, 11 ("Within the past several years, I have both voluntarily chosen to leave some employers and been laid off as result of my employer's financial difficulty and lack of fit" and conceding that he has been fired from two care facilities), *and with* Reply at 9 ("The false statements include that Leifer was fired from a 'home care agency' and that Leifer was fired from '2 jobs in 2 years.'"). Indeed, Leifer now appears to concede that at least one of the Tweets on which his defamation claim hinges is factually true. Dkt. 22-1, Exhibit A (anonymous defendant stating that Leifer was "fired from a home care agency" and Leifer then conceding that fact in

response)[1]; Compl. ¶ 32 & Ex. 5 (including and discussing the same tweet). So, to the extent Leifer's defamation claim relies on statements simply asserting that he was fired from a home care agency, Leifer has failed to meet his burden under *Highfields* to demonstrate those statements are false.

This leaves Leifer to adduce competent evidence that the allegations that sexual harassment complaints were made against him were false. But his "evidence" on this point is not "competent evidence." For example, Leifer states that he has "never been terminated by an employer as a result of any kind of complaint, including workplace harassment complaint, being filed against [him]"; that he is "unaware" of "any workplace incidents or complaints at all"; and that he "contacted [his] previous employers and they have confirmed that no complaints were made about [him] either during or after [his] employment."[2] Leifer Decl. ¶¶ 12, 32, 35. Courts give little weight to such "self-serving" declarations aimed at establishing falsity in a defamation case. *See, e.g.*, *Leidig v. BuzzFeed, Inc.*, 371 F. Supp. 3d 134, 149 (S.D.N.Y.) (granting summary judgment against New York defamation claim where plaintiff sought to establish "falsity" through a "self-serving" declaration), *aff'd*, 788 F. App'x 76 (2d Cir. 2019); *cf. Tokyo Univ. of Soc. Welfare v. Twitter, Inc.*, No. 21-MC-80102-DMR, 2021 WL 4124216, at *5 (N.D. Cal. Sept. 9, 2021) (applying *Highfields* and granting Twitter's motion to quash subpoena where self-serving declaration stated that a tweet "could and has necessarily caused harm to the reputation and business" of the plaintiff but failed to offer further evidence). Moreover, Leifer's "evidence"—that, when his employers terminated him, none *told* him that he was being terminated because of a complaint; that no employer *told* him of workplace complaints at all; and that his employers *told* him no complaints were made against him—is inadmissible hearsay and thus is not "competent" evidence of falsity. *Art of Living Found. v. Does 1-10*, 2011 WL 5444622, at *4 (N.D. Cal.

---

[1] Indeed, the remainder of this exchange includes a statement that Leifer is a "scumbag," a "dumbhead," and has "lots of skeletons." Dkt. 22-1, Exhibit A. But as discussed in Twitter's opposition brief, these statements (along with many of others on which Leifer relies, Compl. Ex. 13 ("This account is exposing the fact that I am the world's greatest slimeball."); *id.* Ex. 5 (stating that Leifer "behaved like an animal")) are also nondefamatory because they are not statements of fact under New York law. *See, e.g.*, *eCommission Sols., LLC v. CTS Holdings, Inc.*, 2018 WL 2078816, at *7 (S.D.N.Y. May 1, 2018), *aff'd*, 860 F. App'x 758 (2d Cir. 2019) ("For instance, calling CTS's CEO a 'nut job' is not a statement of fact, but rather understood as conveying opinion.").

[2] Leifer did not include declarations from his former employers attesting to this fact.

Nov. 9, 2011) (stating that *Highfields* "demand[s] the production of *admissible* evidence establishing each essential element of a claim" (emphasis added) (citing *Highfields*, 385 F. Supp. 2d at 975)).

As a result, Leifer's declaration does not contain "competent evidence" of falsity sufficient to satisfy *Highfields*, and his motion to compel should be denied as a result.

### B.  Leifer has not provided competent evidence of actual malice.

Even if the Court concludes that Leifer has established falsity, he must also adduce competent evidence of actual malice under New York's anti-SLAPP statute, *see Margolies v. Rudolph*, 2022 WL 2062460, at *6 (E.D.N.Y. June 6, 2022), and as a self-avowed public figure,[3] *see* Dkt. 19, Twitter's Opposition to Motion to Compel ("Opposition") at 8 n.4.  He has not.

In his Reply brief, Leifer bemoans the fact that presenting evidence of actual malice without the benefit of discovery is a "near-impossible situation."  Reply at 13.  While the standard is not impossible to meet, it is daunting, and this is not by accident.  Courts addressing defamation claims under New York law have confirmed that "[a]ctual malice, even by way of recklessness, is [] a difficult standard to meet, and quite purposefully so."  *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 277 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015), *and aff'd*, 622 F. App'x 67 (2d Cir. 2015).  And the United States Supreme Court has repeatedly noted that "the stake of the people in public business and the conduct of public officials is so great that neither the defense of truth nor the standard of ordinary care would protect against self-censorship and thus adequately implement First Amendment policies."  *St. Amant v. Thompson*, 390 U.S. 727, 731-32 (1968).

To safeguard these First Amendment interests, actual malice requires clear and convincing evidence that the defendant realized their statement was false or that they subjectively entertained

---

[3] Again, Leifer repeatedly states that he is a "public advocate" and a "name known within the international Hasidic Community" whose "reputation continues to grow within the worldwide Hasidic Community."  Compl. ¶¶ 19, 23, 25, 26.  And in his supplemental declaration, Leifer further emphasizes that he is "known within the Brooklyn Hasidic Community, and even by some in the international Hasidic Community, for [his] activism."  Leifer Decl. ¶ 20; *see also id.* ¶ 17 ("My advocacy has included, but not been limited to, publishing articles both in print and online media, speaking publicly, and raising awareness through social media.").  He is thus a public figure required to plead actual malice to state a defamation claim under New York law.  *See Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) (holding that, under New York law, where plaintiff characterized himself as a "well known radio commentator," district court correctly concluded that plaintiff was a public figure).

serious doubt as to the truth of the statement. *See Bose Corp. v. Consumers Union of U.S.*, 466 U.S. 485, 511 n.30 (1984). Actual malice "is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing." *St. Amant*, 390 U.S. at 731. Nor is actual malice "satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term." *Harte-Hanks Comms. v. Connaughton*, 491 U.S. 657, 666 (1989). Instead, "[t]here must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his [statements]," *St. Amant*, 390 U.S. at 731, or had a "high degree of awareness of their probable falsity," *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964).

Applying these principles, other federal courts have required plaintiffs seeking the identities of anonymous defendants through subpoenas to first provide evidence of—and not merely plead—actual malice. Consider *Blossoms & Blooms, Inc. v. Doe*, No. CV 22-1557-KSM, 2022 WL 3030788, at *3 (E.D. Pa. July 29, 2022). There, the Eastern District of Pennsylvania stated that, "[t]o be entitled to early discovery into an anonymous defendant's identity, a plaintiff 'must support his defamation claim with facts sufficient to defeat a summary judgment motion.'" *Id.* (citation omitted). Similar to the *Highfields* test, this requires the plaintiff to "do more than simply plead his case"; he must "produce evidence" such as "exhibits, depositions, or affidavits." *Id.* (citation omitted). Because the plaintiffs in *Bloom* had not provided "evidence that the statements were made with a 'reckless disregard' for the truth," plaintiffs were not entitled to serve a pre-Rule 26(f) conference subpoena on Facebook seeking the identity of an anonymous defendant. *Id.* at *5-6.

This evidentiary showing of actual malice—even before discovery—makes good sense. Excusing the plaintiff from producing competent evidence "of any element that relies on the defendant's identity weakens the defendant's protection for a number of potential claims." Nathaniel Gleicher, *John Doe Subpoenas: Toward A Consistent Legal Standard*, 118 YALE L.J. 320, 355 (2008). "Often, as with defamation, this weakens the standard to which the plaintiff is held just when the law indicates the standard should be especially high." *Id.*

With these principles in mind, Leifer has not presented competent evidence of actual malice sufficient to satisfy *Highfields*. To start, the bare denials Leifer makes in his declaration, without more, are not enough to show actual malice. *See Brimelow v. New York Times Co.*, No. 21-66-CV, 2021 WL

5

4901969, at *3 (2d Cir. Oct. 21, 2021) (addressing defamation claim under New York law), *cert. denied sub nom. Brimelow v. The New York Times Co.*, 212 L. Ed. 2d 217, 142 S. Ct. 1210 (2022); *see also Edwards v. Nat'l Audubon Soc'y, Inc.*, 556 F.2d 113, 121 (2d Cir. 1977) (holding that actual malice "cannot be predicated on mere denials, however vehement," as "such denials are so commonplace in the world of polemical charge and countercharge that, in themselves, they hardly alert the conscientious reporter to the likelihood of error").  For example, Leifer concedes that he has been fired by at least two care facilities but claims that he was "let go due to [his] employer's financial difficulty and a stated lack of fit," not because of any complaint filed against him.  Leifer Decl. ¶¶ 10-12.  Yet, in support of this assertion, Leifer offers only *his own* reply to a tweet, in which he states he left a job "on great terms."  Dkt. 22-1, Exhibit A.  Likewise, Leifer states that he has "attempted to reply to th[e] defamatory tweets in order to let the public know that these allegations are false."  Leifer Decl. ¶ 36.  And he contends that there is "no basis for these anonymous accountholders to make these defamatory statements other than to malign me."  *Id.* ¶ 48.  But these types of self-serving denials are not competent evidence sufficient to establish actual malice.  *See Edwards*, 556 F.2d at 121; *Prince v. Intercept*, 2022 WL 5243417, at *17 (S.D.N.Y. Oct. 6, 2022) ("It is well established that denials without more are insufficient to support a plausible claim of actual malice."); *Contemp. Mission, Inc. v. New York Times Co.*, 665 F. Supp. 248, 270 (S.D.N.Y. 1987), *aff'd*, 842 F.2d 612 (2d Cir. 1988) ("Publication in the face of a denial by plaintiffs of a statement's truth does not demonstrate actual malice.").

Leifer also conflates "falsity" with "actual malice."  But "inaccuracy itself will not demonstrate 'actual malice.'"  *Reliance Ins. Co. v. Barron's*, 442 F. Supp. 1341, 1350 (S.D.N.Y. 1977); *see also Bose*, 466 U.S. at 511 & n.30 (noting that falsity does not establish knowledge of falsity or reckless disregard of truth); *Kramer v. City of New York*, 2004 WL 2429811, at *8 (S.D.N.Y. Nov. 1, 2004).  Instead, Leifer must adduce competent evidence that the anonymous defendants *knew* that their statements were false or *entertained serious doubt* as to the truth of their statements.  *See Bose*, 466 U.S. at 511 n.30.  Leifer states, for example, that "where possible" he "*attempted* to reply to these defamatory tweets to let the public know they were false."  Leifer Decl. ¶ 36 (emphasis added).  But falsity does not establish knowledge of falsity, *Bose*, 466 U.S. at 511 & n.30, and Leifer has not shown that he communicated these denials *before* the allegedly defamatory statements were made, such that the

anonymous defendants would have had a "high degree of awareness of the[] [defamatory statements'] probable falsity" when they made the statements, *Garrison*, 379 U.S. at 74. Further, the after-the-fact comments of other Twitter accountholders that Leifer is a "feminist ally," Dkt. 22-2, Exhibit B, and the inadmissible hearsay statement that his former employers confirmed no workplace complaints were made against him, Leifer Decl. ¶ 35, are not enough to establish actual malice. *See Bose*, 466 U.S. at 511 & n.30; *see also Art of Living Found.*, 2011 WL 5444622, at *4 (evidence must be admissible to be "competent evidence" under *Highfields*).

When Leifer does finally attempt to address the mental states of the anonymous defendants, he still fails to adduce competent evidence of actual malice. Leifer claims, for instance, that he has "never been fired from any place of employment for sexual harassment of any type" and that "[m]inimal effort would reveal this to any interested party." Leifer Decl. ¶ 34.[4] He thus concludes that the "anonymous accounts making these defamatory allegations have either chosen to forego any inquiry of the truth or are knowingly making false statements." *Id.* But failure to investigate claims before speaking is not enough to establish actual malice. *See McDougal v. Fox News Network, LLC*, 489 F. Supp. 3d 174, 185 (S.D.N.Y. 2020); *Coliniatis v. Dimas*, 965 F. Supp. 511, 518 (S.D.N.Y. 1997) (summarizing New York law and concluding that "total failures to inquire into the" allegedly defamatory claims are condemnable but not evidence of actual malice); *see also Harte-Hanks*, 491 U.S. at 688 ("[F]ailure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard."); *New York Times v. Sullivan*, 376 U.S. 254, 288 (1964) ("[T]he evidence against the Times supports at most a finding of negligence in failing to discover the misstatements, and is constitutionally insufficient to show the recklessness that is required for a finding of actual malice."). Similarly, Leifer explains that he believes the "sole purpose of some of the[] [anonymous defendants'] accounts is to attack and discredit [his] advocacy" and to "attempt to silence [his] activism through

---

[4] While Leifer claims that "[m]inimal effort" would reveal that he has never been fired for workplace harassment, he himself has not pointed to any evidence supporting this assertion—for example, news reports, employment records, declarations from former employers, or publicly available documents—beyond his own say-so. Leifer Decl. ¶ 34. If Leifer cannot come up with competent evidence regarding his employment history in support of this lawsuit, it is difficult to understand how he expects the anonymous defendants to access such information.

7

intimidation and by defamation." Leifer Decl. ¶¶ 41-42. But again, this self-serving belief of "ill will," "standing alone . . . is not sufficient to establish actual malice." *Coleman v. Grand*, 523 F. Supp. 3d 244, 261 (E.D.N.Y. Feb. 26, 2021) (citing *Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d 163, 183 (2d Cir. 2000)).

It is unsurprising that Leifer has been unable to adduce competent evidence of actual malice, as his complaint suggests he was unaware he needed to plead it. *See* Compl. ¶¶ 61-72; *see also* Dkt. 1, Notice of Motion and Motion to Compel Compliance with Subpoena ("Mot.") at 7-15 (failing to address actual malice element of defamation claim). In fact, allegations in Leifer's complaint *conflict* with his assertion that the anonymous defendants' statements were made with actual malice. For example, the allegation that the allegedly defamatory statements may have been made with "gross negligence," Compl. ¶ 63, conflicts with Leifer's contention that he has pled and demonstrated actual malice. *See Garrison*, 379 U.S. at 79; *Coleman*, 523 F. Supp. 3d at 254 (distinguishing between actual malice and gross negligence standards); *Sweeney v. Prisoners' Legal Servs. Of New York, Inc.*, 146 A.D.2d 1, 6 (1989) (concluding that, to prevail on a defamation claim, officer had to show actual malice, not merely gross negligence, in investigation and publication of report). Similarly, Leifer's allegation that the anonymous defendants "reasonably should have known," Compl. ¶ 72, that their statements were false sounds in negligence and is insufficient as a matter of New York law to plead actual malice. *See Themed Restaurants, Inc. v. Zagat Surv., LLC*, 4 Misc. 3d 974, 982-83 (Sup. Ct. 2004), *aff'd*, 21 A.D.3d 826 (2005) (granting motion to dismiss because plaintiff's argument that defendant "should have known" about falsity was an argument "sounding in negligence and lacking the requisite claim of an actual or reckless eliciting or presentation of false information").

Put simply, Leifer has not adduced competent evidence of—or even adequately pled—actual malice. It would be an anomalous result for the Court to conclude that Leifer has satisfied *Highfields*' evidentiary standard and to unmask the anonymous defendants—an "irreparable harm," *Art of Living Found.*, 2011 WL 5444622, at *9—only for Magistrate Judge Bulsara to later conclude that Leifer has not adequately pled his defamation claim and grant a motion to dismiss.

### C. Leifer's purported "evidence" only discusses falsity and actual malice in general terms and does not address the anonymous defendants individually.

While Twitter does not believe Leifer has presented competent evidence of either falsity or actual malice, assuming he has, that evidence still suffers from a fatal flaw: it only generally discusses falsity and actual malice and does not separately address *each* of the nine anonymous defendants.

When conducting the *Highfields* analysis for defamation claims, courts consistently assess whether there is competent evidence of defamation for *each* anonymous defendant or for *each* allegedly defamatory statement. In *Music Group*, rather than lumping the anonymous defendants together, the court considered whether the *Highfields* standard was met for each defendant individually. *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 986 (N.D. Cal. 2015) (addressing the @NotUliBehringer and @FakeUli Twitter accounts and their allegedly defamatory statements separately; denying motion to enforce subpoena). In *Smythe v. Does*, the court did the same, conducting a separate *Highfields* analysis for each anonymous Twitter accountholder. 2016 WL 54125, at *3 (N.D. Cal. Jan. 5, 2016) (denying motion to enforce subpoena). And in *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, the court addressed each allegedly defamatory statement separately. 337 F.R.D. 639, 650 (N.D. Cal. 2020) (breaking out seven different allegedly defamatory statements and granting motion to quash). This approach is sensible, as otherwise an anonymous defendant's identity could be revealed when *they* have not made a defamatory statement, but a *different* anonymous defendant has.

Leifer's "evidence" suffers from precisely this defect. In his effort to address actual malice, for example, Leifer states that "the anonymous accounts making these defamatory allegations have either chosen to forego any inquiry of the truth or are knowingly making false statements." Leifer Decl. ¶ 34. But this conclusory, blanket assertion about *all of the anonymous defendants* is not competent evidence that any of the defendants *individually* made the allegedly defamatory statements with actual malice. In fact, Leifer offers no evidence at all regarding the *individual* mental state of each defendant. Similarly, on the element of falsity, Leifer states that "*[w]here possible*, [he has] *attempted* to reply to these defamatory tweets in order to let the public know that these allegations are false." *Id.* ¶ 36 (emphasis added). Leifer does not, however, specify to which of the anonymous defendants or to which of the

9

allegedly defamatory tweets he replied. *Id.* Other examples of generic, imprecise accusations abound. *Id.* ¶ 28 ("These accounts publish false and damaging accusations often in direct response to my tweets about my advocacy."); *id.* ¶ 41 ("For *some of these accounts*, the attacks on me are the only tweets that have ever been posted. The sole purpose of *some of these accounts* is to attack and discredit my advocacy, which in *some instances* has become defamatory. Other than commenting on me or my advocacy, these accounts have no further substance." (emphasis added)); *id.* ¶ 45 ("The tweets of these false allegations are *often* directly targeted at me through Twitter's tagging and replying functions." (emphasis added)). In the end, Leifer's declaration only discusses with any specificity four of the nine anonymous defendants—@KleinMatt1, @YankyStern4, @ConservativeYi1, and @ShuIimLeifer—and even then only does so conclusorily. *See id.* ¶¶ 29, 38-40.

Accordingly, to the extent the Court unmasks any of the anonymous defendants, it should only unmask those for which Leifer has offered competent evidence of each element of his defamation claim *against that specific defendant*. *See Music Group*, 82 F. Supp. 3d at 986.

### III.  CONCLUSION

Despite Leifer's contentions to the contrary, Twitter is not contesting Leifer's motion to compel to "squander[] the parties' and the courts' resources for its own ends" or to "promot[e] an absolutist version of free speech." Mot. at 6. Rather, Twitter opposes Leifer's motion to ensure that, before anonymous speakers' identities are revealed, Leifer has first satisfied this Court's oft-applied *Highfields* test. What Leifer characterizes as obstructionist behavior is simply the process *Highfields* envisioned nearly two decades ago—that a subpoenaing party must present competent evidence of each element of its claim and that the court must assess the balance of the First Amendment harms before a subpoena may overcome anonymous speakers' "right to express most effectively and anonymously, without fear of expensive adverse consequences, [their] views about matters in which many other members of the public are interested." *Highfields*, 385 F. Supp. 2d at 974-75. For the reasons stated above and in Twitter's opposition to Leifer's motion to compel, Leifer has not met his burden, and so his motion to compel must be denied.

1
2   Dated: February 3, 2023                Respectfully submitted,
3                                          THE NORTON LAW FIRM PC
4                                   By:    /s/ Gil Walton
                                           Gil Walton
5                                          Attorneys for Respondent
                                           TWITTER, INC.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28